Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINITA JAYANT, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC, <br><br> Defendant. | **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 ET SEQ. ("FDCPA"). <br><br> 2. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, VINITA JAYANT ("Plaintiff"), through her attorney, LAW OFFICES OF TODD M. FRIEDMAN, alleges the following against Defendant, UBER TECHNOLOGIES, INC,. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, *15 U.S.C. 1693 et seq.* ("EFTA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, 15 U.S.C. §1692k (FDCPA), 15 U.S.C. 1693(m) (EFTA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," pursuant to 15 U.S.C. 1693(m), "without regard to the amount in controversy, any action under this section may be brought in any United States district court," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

10. Within the last year, Defendant sought to collect an alleged consumer debt from Plaintiff.

11. Defendant is engaged in the business of ride sharing services and related technology, headquartered in San Francisco, CA. Defendant's business also involves debt collection, including collecting on unpaid, outstanding account balances.

12. During the course of its attempts to collect debts allegedly owed, Defendant sends to alleged debtors bills, statements, and/or other correspondence. Defendant also charges and debits allegedly owed sums from debtors' bank or credit cards, without authorization, as part of its debt collection practices.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. At all relevant times, Plaintiff had a ride-share account with Defendant UBER TECHNOLOGIES, INC. ("Defendant"), and used Defendant's mobile phone application ("app") for these purposes. However, despite using Defendant's services regularly, Plaintiff never provided written authorization, or any kind of authorization, for any recurring charges to her bank account.

15. Regardless, Defendant collected a series of alleged debts from Plaintiff, withdrawing a monthly payment in the amount of $9.99 at least five different times.

16. In or around July 2023, Defendant began debiting sums from Plaintiff's debit card. Plaintiff complained to Defendant about these unauthorized, recurring charges.

17. At no time did Plaintiff ever agree to an automatic monthly payment plan with Defendant. Regardless, Defendant caused at least five different recurring charges to be debited from her bank account, without authorization.

18. Defendant used unfair and unconscionable means to collect on Plaintiff's alleged debt.

19. Plaintiff did not provide express informed consent for the charges at any point.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

   b. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

   c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

   d. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

   e. Defendant violated *§1692f(1)* of the FDCPA by the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff, VINITA JAYANT, respectfully requests judgment be entered against Defendant, UBER TECHNOLOGIES, INC., for the following:

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

23. Actual damages;

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

26. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

27. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

28. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

29. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

30.  Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

31.  In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

32.  In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, VINITA JAYANT, respectfully requests judgment be entered against Defendant, UBER TECHNOLOGIES, INC., for the following:

33. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

34. Actual damages;

35. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

36. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 12th day of April, 2024.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff